UNITED STATES *v.* F. W. WOOLWORTH Co. (No. 3875)[1]

United States Court of Customs and Patent Appeals, June 10, 1935

*Joseph R. Jackson*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney, of counsel), for the United States.
*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellee.
*Lamb & Lerch* (Kenneth G. Osborn of counsel) *amici curiae*.

[Oral argument May 29, 1935, by Mr. Jackson, Mr. Sharretts, and Mr. Lerch]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain uninflated rubber balls, imported from Japan,

---

[1] T. D. 47765.

identified in the record as Exhibits 1, 2, and 3, dutiable as balls at 30 per centum ad valorem under paragraph 1502 of the Tariff Act of 1930, rather than as toys as assessed by the collector at the port of New York at 70 per centum ad valorem under paragraph 1513 of that act.

The paragraphs in question, so far as pertinent, read as follows:

PAR. 1502. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), and all clubs, rackets, bats, golf tees, and other equipment, such as is ordinarily used in conjunction therewith, all the foregoing, not specially provided for, 30 per centum ad valorem; * * *

PAR. 1513. * * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

In view of the fact that the collector assessed the imported balls under paragraph 1513, it was incumbent upon the importer, on the trial below, to establish that they were not chiefly used for the amusement of children, and, therefore, not covered by the provision for toys contained in that paragraph; that they were primarily designed for use in physical exercise, and, accordingly, covered by the provisions of paragraph 1502, *supra*.

Considerable evidence was introduced by the parties, including, in addition to Exhibits 1, 2, and 3, which are representative of the involved merchandise, Illustrative Exhibits A and B.

The court below, in an opinion by Sullivan, Judge, McClelland, Judge, dissenting, reviewed the testimony in detail, and held that, although there was evidence on the part of the Government tending to establish that the involved articles when inflated were chiefly used by, and for the amusement of, children, that introduced by the importer fully established that the involved articles were primarily designed for use in physical exercise, within the purview of paragraph 1502, and that they were not chiefly used for the amusement of children.

Accordingly, the sole question in the case is whether the judgment of the court below, as claimed by the Government, is contrary to the weight of the evidence. If it is, it, of course, should be reversed. If it is not, it should be affirmed.

In its decision, the trial court called attention to the fact that the term "children," as used in paragraph 1513, *supra*, has reference to those who have not yet reached the age of puberty, and cited, in support thereof, the cases of *United States* v. *Abercrombie & Fitch Co.*, 20 C. C. P. A. (Customs) 267, T. D. 46060, and *United States* v. *The*

*Halle Bros. Co.*, 20 C. C. P. A. (Customs) 281, T. D. 46077. The court also quoted from the Century Dictionary and Cyclopedia, wherein it was stated that—

At common law the age of puberty is conclusively presumed to be fourteen in the male and twelve in the female.

The court, after reviewing the evidence, concluded that, although it was contradictory, appellant had made a *prima facie* case; that it had not only overcome the presumption attending the decision of the collector, but that its evidence outweighed that introduced by the Government; that it clearly appeared from the evidence that the involved articles were not chiefly used for the amusement of children; that they were primarily designed for use in physical exercise; and that, therefore, they were properly dutiable under paragraph 1502, *supra*, as claimed by the importer, rather than under paragraph 1513, *supra*, as assessed by the collector.

In its decision, the court took into consideration the difference between the imported merchandise, as represented by Exhibits 1, 2, and 3, and that produced in the United States, which was introduced in evidence as Illustrative Exhibits A and B, and held that the imported articles were heavier and more substantially constructed than the domestic articles, to which the testimony of some of the witnesses for the Government was directed.

It is argued here by counsel for appellant, and *amici curiae*, that appellee failed to establish that the involved articles were not chiefly used for the amusement of children throughout the United States, within the rule heretofore announced by this court; that it was not established that the involved articles were primarily designed for use in physical exercise; and that, therefore, appellee had failed to make a case.

We are not unmindful of the rule that in order to establish "chief use" the evidence of use must relate to the United States generally, and not to a limited portion thereof. It may be proper to observe, however, that the question of whether "chief use" has been properly established depends upon the issues and the evidence in each case.

We think it is a proper deduction from the evidence, and from the character of Exhibits 1, 2, and 3, that the involved articles would be used in substantially the same manner, and by substantially the same class of people, in one section of the country as in another, and that evidence establishing their chief use in a large area of the country is sufficient under the rule.

There is substantial evidence of record tending to establish that, in a large area of the United States, the involved articles are chiefly used by adults; that is, those who have reached the age of puberty, *United States* v. *Abercrombie & Fitch Co.*, *supra*; *United States* v. *The Halle Bros. Co.*, *supra*; and that they are known as beach balls, and are used

for physical exercise on beaches as well as other places in the United States.

Although the evidence of record is contradictory, we are unable to say, after careful consideration thereof, that the court was wrong in holding that the involved articles are not chiefly used for the amusement of children, and that they are primarily designed for use in physical exercise, within the purview of paragraph 1502. In so holding, it must be understood that we are deciding this case solely upon the record presented, and in accordance with the rule consistently adhered to by this court that, unless the judgment below is wholly unsupported by the evidence or is contrary to the weight thereof, it must be affirmed.

For the reasons stated, the judgment of the trial court is *affirmed*.